UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, CDCR #V-34099,<br><br>        Plaintiff,<br><br>  vs.<br><br>KATHLEEN ALLISON; P.S. LOGAN; PATRICK COVELLO; K. COTRELL; COLEY; PLASCENCIA; COWART,<br><br>        Defendants. | Case No.: 3:19-cv-00087-BAS-BGS<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  Plaintiff John Wesley Williams, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 together with a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.)

  Plaintiff claims a Director of the California Department of Corrections and Rehabilitation ("CDCR"), as well as RJD's Warden, Associate Warden, and several correctional officials, violated his constitutional rights between May 2018 and January

2019 by "stealing" and/or "misappropriating" his personal and legal property and retaliating against him when he refused to withdraw inmate appeals he filed regarding that property. ("Compl.," ECF No. 1, at 5–9.) He seeks declaratory relief and unspecified amounts of compensatory and punitive damages. (*Id.* at 9–10.)

## I. Motion to Proceed IFP

### A. <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim'" (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013))). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52.

**B.**     **Discussion**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff seeks to sue a CDCR administrator and various RJD officials for allegedly failing to properly return several CDs he purchased but was not authorized to possess, "misappropriat[ing] a box of [his] legal property," and later subjecting him to harassment and retaliation when he refused to withdraw inmate appeals regarding the lost property. (*See* Compl. 5–9.) These claims fail to plausibly meet § 1915(g)'s exception for imminent danger. *See Cervantes*, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). While Plaintiff also alleges he is a participant in RJD's EOP (enhanced

3

3:19-cv-00087-BAS-BGS

outpatient program) due to a history of "cutting" to relieve stress, (*see* Compl., 4), he does not contend he faced imminent physical injury, was actually threatened, or feared any sort of danger at the time he filed his Complaint as a result of the Defendants' alleged acts or omissions. *See Bontemps v. Hicks*, No. 1:16-CV-01854-DAD-EPG, 2018 WL 1905648, at *5 (E.D. Cal. Apr. 23, 2018) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." (quoting *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015)).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here. The Court finds, based on a review of its own dockets and other court proceedings available on PACER, that Plaintiff John W. Williams, identified as CDCR #V-34099, has had more than three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

They are:

1) *Williams v. Narramore, et al.*, Civil Case No. 2:03-cv-01972-UA-AJW (C.D. Cal., West. Div., July 25, 2003): Order denying IFP and dismissing case for "failure to state a claim on which relief can be granted" pursuant to 28 U.S.C. § 1915(e) [ECF No. 6] (strike one);

2) *Williams v. Gonzer*, Civil Case No. 2:04-cv-08941-UA-AJW (C.D.

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Sers.*, 804 F.2d 1520, 1523 (9th Cir. 1986)), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Cal., West. Div., Nov. 22, 2004): Order denying IFP and dismissing case for "failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1) [ECF No. 2] (strike two);

3) *Williams v. Young,* Civil Case No. 2:08-cv-01737-WBS-CMK (E.D. Cal., June 4, 2010): Findings and Recommendations ["F&R"] to dismiss Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), (2) [ECF No. 55]; (E.D. Cal. June 29, 2010: Order adopting F&R and dismissing case [ECF No. 57] (strike three);

4) *Williams v. Hubbard, et al*, Civil Case No. 2:10-cv-01717-UA-FFM (C.D. Cal., West. Div., July 6, 2010): Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted" [ECF No. 3] (strike four);

5) *Williams v. Hubbard, et al.,* Ninth Circuit Appeal No. 10-56230 (Nov. 4, 2010): Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" [DktEntry 6]); Dec. 8, 2010 Order dismissing appeal for failure to prosecute [DktEntry 7])[2] (strike five);

6) *Williams v. Harrington, et al.*, No. 1:09-cv-01823-GSA (E.D. Cal. May 25, 2012): Order dismissing civil action with prejudice for failure to state a claim upon which relief may be granted under section 1983 pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) [ECF No. 29] (strike six); and

7) *Williams v. Soto, et al*., Ninth Circuit Appeal No. 14-15524 (May 14, 2014): Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" [DktEntry 7]); June 6, 2014 Order dismissing appeal for failure to prosecute [Dkt Entry 9]) (strike seven).[3]

---

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee").

[3] The Court notes Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, and had his IFP status revoked in the Northern and Central Districts of California as well. *See Williams v. Neotti, et al.*, No. 3:10-cv-02672-H-BGS (S.D. Cal. Jan. 12, 2011) (ECF No. 3)*; Williams v. Soto, et al*., No. 4:12-cv-03583-YGR (PR) (N.D. Cal. March 7, 2014) (ECF No. 36); *Williams v. Moore, et al.*, No. 2:13-cv-09522-PSG-FFM (C.D. Cal., West. Div., March 10, 2015) (R&R to deny IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 58]); (C.D. Cal. West. Div. May 4, 2015)

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Orders

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP, (ECF No. 2), as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action **WITHOUT PREJUDICE** based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a). Plaintiff may re-open his case by paying the full $400 fee <u>on or before April 7, 2019</u>;

3) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

**DATED: March 7, 2019**

Hon. Cynthia Bashant
United States District Judge

---

(Order adopting R&R [ECF No. 60]); and *Williams v. Soto*, No. 2:15-cv-01294-PSG-FFM (C.D. Cal., West. Div., Feb. 27, 2015 Order denying IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 5].